UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CANDY JACKSON, | ) |
| Plaintiff, | ) |
| v. | ) CAUSE NO.: 1:17-CV-491-TLS |
| NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Plaintiff Candy Jackson seeks review of the final decision of the Commissioner of the Social Security Administration denying her application for Disability Insurance Benefits and Supplemental Security Income. The Plaintiff claims that the Administrative Law Judge (ALJ) failed to incorporate her limitations in her concentration, persistence, and pace into the Residual Functional Capacity (RFC). The Plaintiff additionally argues that the ALJ erred in not considering the combined impact of her severe and non-severe impairments.

**PROCEDURAL BACKGROUND**

On December 13, 2014, the Plaintiff filed an application for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act.[1] (R. 21, ECF No. 14.) She alleged disability beginning on July 21, 2013. (*Id.*) Her claims were denied initially on April 22, 2015, and upon reconsideration on May 19, 2015. (*Id.*) On July 14, 2016, the Plaintiff appeared with counsel and testified at a hearing before an ALJ. (*Id.*) Amy

---

[1] However, as the Plaintiff admits that she was not disabled at the date she was last insured, she has ceded her Title II claim. *See* (Pl.'s Brief, ECF No. 21, p. 2.)

Kutschbach, a vocational expert (VE), also testified at the hearing, by telephone. (*Id*.) On October 28, 2016, the ALJ denied the Plaintiff's application, finding she was not disabled from her alleged onset date. (R. 20–37.) On October 4, 2017, the ALJ's decision became the final decision of the Commissioner when the Appeals Council denied the Plaintiff's request for review of the ALJ's decision. (R. 1–3.)

On December 2, 2017, the Plaintiff filed this claim [ECF No. 1] in federal court against the Acting Commissioner of the Social Security Administration.

## THE ALJ'S DECISION

Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). To be found disabled, a claimant must demonstrate that her physical or mental limitations prevent her from doing not only her previous work, but also any other kind of gainful employment that exists in the national economy, considering her age, education, and work experience. §§ 423(d)(2)(A), 1382c(a)(3)(B).

An ALJ conducts a five-step inquiry in deciding whether to grant or deny benefits. 20 C.F.R. §§ 404.1520 and 416.920. The first step is to determine whether the claimant no longer engages in substantial gainful activity (SGA). *Id.* In the case at hand, the ALJ found that the Plaintiff had not engaged in substantial gainful activity (SGA) since September 30, 2012, her date last insured. (R. 24.) In step two, the ALJ determines whether the claimant has a severe impairment limiting the ability to do basic work activities pursuant to § 404.1520(c) and

2

416.920(c). Here, the ALJ determined that beginning October 25, 2015, the Plaintiff had the following severe impairments: obesity, a history of arthritis in her left knee, left leg lipoma, left knee prepatellar bursitis, major depressive disorder, and borderline personality disorder. (R. 33) The ALJ did not find that the Plaintiff's headaches were severe impairments that significantly limited her physical ability to do basic work activities. (R. 40–41.)

Step three requires the ALJ to "consider the medical severity of [the] impairment" to determine whether the impairment "meets or equals one of [the] listings in appendix 1 . . . ." § 404.1520(a)(4)(iii); § 416.920(a)(4)(iii). If a claimant's impairment(s), considered singly or in combination with other impairments, rises to this level, she earns a presumption of disability "without considering her age, education, and work experience." § 404.1520(d); § 416.920(d). But, if the impairment(s), either singly or in combination, falls short, an ALJ must move to step four and examine the claimant's "residual functional capacity" (RFC)—the types of things she can still do physically, despite her limitations—to determine whether she can perform this "past relevant work," § 404.1520(a)(4)(iv) and § 416.920(a)(4)(iv), or whether the claimant can "make an adjustment to other work" given the claimant's "age, education, and work experience," § 404.1520(a)(4)(v) and § 416.920(a)(4)(v). In the instant case, upon review of the medical evidence, the ALJ concluded that the Plaintiff's impairments, either singly or in combination, do not meet or equal any of the listings in Appendix 1 (R. 35), and that the Plaintiff has the RFC to perform light work, as defined by § 404.1567(b) and 416.967(b), with certain physical restrictions, and:

> [T]he claimant is limited to work which involves only simple, routine and repetitive tasks that can be learned through short demonstration and in up to thirty days; she has been able to maintain the concentration required to perform simple tasks; she can remember simple work-like procedures; she can make simple work-related

3

decisions; and she can maintain the concentration and attention, as well as the persistence to perform such duties on a day-in and day-out basis, for eight hours per day, five days per week or within some other form of full time competitive work schedule.

(R. 39.)

At the final step of the evaluation, relying in part on the VE's testimony as based on the provided RFC, the ALJ determined that the Plaintiff was not disabled. (R. 42–43.)

The Plaintiff sought review of the ALJ's decision by the Appeals Council. (R. 1–3.) The Appeals Council subsequently denied review (*id*), making the ALJ's decision the final decision of the Commissioner. *See Liskowitz v. Astrue*, 559 F.3d 736, 739 (7th Cir. 2009). The Plaintiff now seeks judicial review under 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

A claimant is disabled only if she shows an inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). She has the burden of proving disability. *See* 42 U.S.C. § 423(d)(5)(A). She must establish that her physical or mental impairments "are of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

A court will affirm the Commissioner's findings of fact and denial of disability benefits if they are supported by substantial evidence. *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotations omitted). It must be "more than a scintilla but may be less than a preponderance." *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). Even if "reasonable minds could differ" about the disability status of the claimant, the court must affirm the Commissioner's decision as long as it is adequately supported. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (quotations omitted).

It is the duty of the ALJ to weigh the evidence, resolve material conflicts, make independent findings of fact, and dispose of the case accordingly. *Perales*, 402 U.S. at 399–400. In this substantial-evidence determination, the court considers the entire administrative record but does not reweigh evidence, resolve conflicts, decide questions of credibility, or substitute the court's own judgment for that of the Commissioner. *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). Nevertheless, the court conducts a "critical review of the evidence" before affirming the Commissioner's decision, and the decision cannot stand if it lacks evidentiary support or an inadequate discussion of the issues. *Id* (quotations omitted). The ALJ is not required to address every piece of evidence or testimony presented, but the ALJ must provide a "logical bridge" between the evidence and the conclusions. *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009). If the Commissioner commits an error of law, remand is warranted without regard to the volume of evidence in support of the factual findings. *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997).

## ANALYSIS

**A.     The ALJ's Analysis of Concentration, Persistence, and Pace in the RFC**

The Plaintiff argues that the RFC, and the ALJ's hypothetical to the VE that derives from it, failed to properly account for the Plaintiff's limitations in concentration, persistence, and pace. The Plaintiff contends that though the ALJ determined at step three that "[the Plaintiff's] ongoing [depression] and symptoms imply moderate difficulties in concentration, persistence, and pace" (R. 38), the ALJ incorrectly defined the RFC, by only limiting the Plaintiff to simple, routine tasks. According to the Plaintiff this limitation is insufficient to encompass concentration, persistence, and pace (CPP) factors. In support, the Plaintiff relies upon *Yurt v. Colvin*, 758 F.3d 850 (7th Cir. 2014). In *Yurt*, the Seventh Circuit held that "a hypothetical . . . confining the claimant to simple, routine tasks and limited interactions with others [does not] adequately capture[] temperamental deficiencies and limitations in concentration, persistence, and pace." *Id.* at 859. Similarly, in *Craft v. Astrue*, 539 F.3d 668, 677–78 (7th Cir. 2008), the Seventh Circuit held that restricting the claimant to unskilled, simple work did not account for difficulty with memory, concentration, and mood swings.

The ALJ detailed the following limitations regarding the Plaintiff's CPP factors in the RFC:

> [T]he claimant is limited to work which involves only simple, routine and repetitive tasks that can be learned through short demonstration and in up to thirty days; she has been able to maintain the concentration required to perform simple tasks; she can remember simple work-like procedures; she can make simple work-related decisions; and she can maintain the concentration and attention, as well as the persistence to perform such duties on a day-in and day-out basis, for eight hours per day, five days per week or within some other form of full time competitive work schedule.

(R. 39.)

The Seventh Circuit has rejected RFCs, and subsequent questions to the VE, when they only account for limitations in CPP by reference to simple, routine tasks that can be learned within a given timeframe. *See, e.g., Lanigan v. Berryhill*, 865 F.3d 558, 565–66 (7th Cir. 2017) ("We have explained that the speed at which work can be learned is unrelated to whether a person with mental impairments–i.e., difficulties maintaining concentration, persistence, or pace–can perform such work," citing *Yurt*, 758 F.3d at 858–59 (rejecting the notion that "confining the claimant to simple, routine tasks and limited interactions with others adequately captures temperamental deficiencies and limitations in concentration, persistence, and pace"); *Stewart v. Astrue*, 561 F.3d 679, 685 (7th Cir. 2009); and *Craft*, 539 F.3d at 677–78).

The Plaintiff's RFC contains only such limitations. The ALJ found that the Plaintiff had moderate difficulties in concentration, persistence, and pace, because "especially during exacerbations," i.e. the Plaintiff's three hospitalizations, the Plaintiff's "concentration is recognized to be poor," "[her] mood is almost constantly described as anxious and/or depressed," and "[her] thought content is frequently labeled as depressive, hopeless, and/or helpless." But the ALJ only limited the Plaintiff to "simple, routine and repetitive tasks," without addressing the issues presented by his earlier finding of moderate difficulties in concentration, persistence, and pace, particularly the Plaintiff's repeated "exacerbations" or potential distractions represented by frequent depressive thoughts. *See Anglemyer v. Berryhill*, No. 3:16-CV-167, 2017 WL 3484743, at *3 (N.D. Ind. Aug. 15, 2017) (noting that "limiting the complexity of a task does not address an individual's ability to continue performing the task over an extended period of time," citing *Varga v. Colvin*, 794 F.3d 809, 814–15 (7th Cir. 2015)), *Gamble v. Comm'r of Soc. Sec.*, No. 1:14-cv-239, 2015 WL 5730703, at *12 (N.D. Ind. Sept. 30, 2015) ("[L]imitations on the

7

*difficulty* of tasks are completely different from and do not address an individual's limitations on the ability to sustain work," citing *Varga*, 794 F.3d at 814–15); *Verlee v. Colvin*, No. 1:12-CV-45, 2013 WL 6063243, at *4 (N.D. Ind. Nov. 18, 2013) ("The failure to address ... cognitive limitations when assessing [the Plaintiff's] RFC is a critical defect in the ALJ's decision because even mild cognitive limitations seemingly could alter the ultimate conclusion on disability with respect to a skilled occupation.").

Having found that the Plaintiff had moderate difficulties in concentration, persistence, and pace, the ALJ needed to include limitations relating to the Plaintiff's ability "to sustain focused attention and concentration [as it] relates to the length of time to learn a job" or build a logical bridge explaining why such limitations are unnecessary. *Robinson v. Colvin*, No. 2:12-CV-450, 2014 WL 1316947, at *7 (N.D. Ind. Mar. 28, 2014); *see also Misener v. Asture*, 926 F. Supp. 2d 1016, 1036 (N.D. Ind. 2013) (remanding where the ALJ found "moderate" limitations in concentration, persistence, and pace, but did not include adequate limitations in RFC despite limiting claimant to "unskilled work").

Moreover, the Seventh Circuit has "stated repeatedly that ALJs must provide vocational experts with a complete picture of a claimant's residual functional capacity, and vocational experts must consider deficiencies of concentration, persistence, and pace." *Jelinek v. Astrue*, 662 F.3d 805, 813 (7th Cir. 2011). As the RFC is flawed, and the VE's opinion was based on the RFC given (R. 41–42), the VE's opinion needs revisiting as well. "The hypothetical must account for both the complexity of the tasks and the claimant's ability to stick with a task over a sustained period." *Warren v. Colvin*, 565 Fed. App'x 540, 544 (7th Cir. 2014); *see also Young v. Barnhart*, 362 F.3d 995, 1005 (7th Cir. 2004) ("When the hypothetical question is fundamentally

flawed because it is limited to the facts presented in the question and does not include all of the limitations supported by medical evidence in the record, the decision of the ALJ that a claimant can adjust to other work in the economy cannot stand.").

## CONCLUSION

For the reasons stated above the Court REVERSES the Commissioner's decision and REMANDS to the ALJ for further proceedings consistent with this Opinion and Order. Because the Court is remanding on these issues, it need not consider the remainder of the parties' arguments.

SO ORDERED on March 28, 2019.

 s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT